UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 6:24-cr-108-RBD-LHP
18 U.S.C. § 1029(a)(2)
18 U.S.C. § 1028A(a)(1)

BONNIE BROOKE VOGT

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Access Device Fraud)

Between on or about October 14, 2023, and on or about October 26, 2023, in the Middle District of Florida, and elsewhere, the defendant,

BONNIE BROOKE VOGT,

did knowingly and with intent to defraud use one or more unauthorized access devices, namely the Florida Driver's License, name, and date of birth of E.C., during any one-year period, and by such conduct did obtain anything of value aggregating $1,000 or more, and the offense affected interstate commerce.

In violation of 18 U.S.C. § 1029(a)(2) and (c)(1)(A)(i) and 18 U.S.C. § 2.

### COUNT TWO
### (Aggravated Identity Theft)

On or about October 14, 2023, in the Middle District of Florida, and elsewhere, the defendant,

BONNIE BROOKE VOGT,

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically, the Florida Driver's License, name, and date of birth of E.C., during and in relation to a felony violation of 18 U.S.C. § 1029(a)(2), as charged in Count One of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

## COUNT THREE
### (Aggravated Identity Theft)

On or about October 26, 2023, in the Middle District of Florida, and elsewhere, the defendant,

BONNIE BROOKE VOGT,

did knowingly possess and use, without lawful authority, a means of identification of another person, specifically, the Florida Driver's License, name, and date of birth of E.C., during and in relation to a felony violation of 18 U.S.C. § 1029(a)(2), as charged in Count One of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

## **FORFEITURE**

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C).

2. Upon conviction of a violation of 18 U.S.C. § 1029(a), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation, and pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1029(c)(2).

A TRUE BILL,

_____
Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Michael Sartoian
Assistant United States Attorney

By: _____
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

FORM OBD-34
April 24

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

BONNIE BROOKE VOGT

## INDICTMENT

Violations:   18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 1029(a)(1)

A true bill,

_____
Foreperson

Filed in open court this 24th day of April, 2024.

_____
Clerk

Bail $_____